### Michael CONNOR

v.

### MOBIL CHEMICAL COMPANY.

### Civ. A. No. B–87–01073–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

April 26, 1990.

Gaylyn Cooper, Beaumont, Tex., for plaintiff.

James W. Hambright, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiff, Michael Connor, filed this suit against his former employer, Mobil Chemical Company, alleging Mobil acted in a racially discriminatory manner when it discharged him. Connor's original complaint alleged causes of action under 42 U.S.C. §§ 2000e, *et seq.* (Title VII), 42 U.S.C. § 1981, and 42 U.S.C. § 1988. Pursuant to the joint pretrial order filed February 26, 1990, the Title VII claim alone was tried to this court. This court now enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The plaintiff, a black male, was hired by Mobil Chemical as a mechanic trainee on October 18, 1976.

2. The plaintiff successfully completed a six-month probationary period, and remained in the mechanic trainee position for three years.

3. In 1979, the plaintiff became a mechanic. He remained in that position approximately two years.

4. In 1981, the plaintiff became a process operator. In 1984, his left hand was crushed between two tanks, and he consequently could no longer work as a process operator.

5. In 1984, the plaintiff returned to the position of mechanic.

6. The plaintiff was discharged by the defendant on December 30, 1985.

7. At the time of the plaintiff's discharge, the defendants had in place an absenteeism/tardiness policy, with steps of designated progressive discipline required for violations of the policy.

The parties appear to agree upon these basic facts. The only dispute between the parties is whether the defendant's termination action of December 30, 1985, was racially discriminatory. This court finds that it was.

8. The plaintiff was placed on disciplinary probation on April 7, 1985, for violation of the defendant's absenteeism/tardiness policy.

9. The plaintiff was again in violation of the absenteeism/tardiness policy on July 17, 1985. For that violation, he was given

three days suspension without pay, beginning July 23, 1985.

10. On July 30, 1985, the plaintiff was again in violation of the absenteeism/tardiness policy. The plaintiff received a five-day suspension without pay for that violation.

11. On December 29, 1985, the plaintiff was a third time in violation of the absenteeism/tardiness policy. Pursuant to the defendant's policy, the plaintiff was terminated on December 30, 1985, for a third violation while on probation.

12. In 1984, a white employee of the defendant, Dennis Moore, had three violations of the absenteeism/tardiness policy, sufficient to require discharge under the defendant's policy, if it was evenhandedly applied to blacks and whites. Moore received no discipline.

13. Additionally, in 1984 and 1985, according to the defendant's disciplinary log,[1] three white employees (Schearer, Bohler, and Bruce) did not receiving counseling, the first step of discipline under the absenteeism/tardiness policy, although they each had violated the policy and required such discipline under the policy.

14. It was the defendant's policy to require administration of the absenteeism/tardiness policy by the field supervisors, who had complete discretion in reporting incidents and recommending discipline to the employee relations department.

15. The result of the supervisors' administration of the absenteeism/tardiness policy was that the policy was strictly construed against black employees, but seldom if ever enforced against white employees.

16. To the extent that any of the following conclusions of law contain Findings of Fact, such Findings of Fact are adopted an incorporated by reference herein.

## CONCLUSIONS OF LAW

1. To the extent that any of the preceding Findings of Fact contain Conclusions of Law, the same are adopted and incorporated by reference herein.

2. The plaintiff has made an adequate *prima facie* showing that the defendant administered its absenteeism/tardiness policy in a racially discriminatory manner. *See, McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiff has shown that the policy was applied to him, and the application of the policy led to his termination. The plaintiff has further shown that the policy was not consistently applied to white employees during the same period of time.

3. The defendant has failed to articulate a legitimate, non-discriminatory reason for its application of the policy. *See, Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). While this court wholeheartedly agrees with the defendant that an employer must be free to discipline its employees, and further agrees that under the policy, the plaintiff's conduct warranted discipline, this court cannot uphold the uneven administration of such discipline. The employer must discipline black and white employees with the same severity, under the same policy, with the same results.

4. Accordingly, this court finds for the plaintiff. The plaintiff is awarded reinstatement, back pay, and reasonable attorney's fees.

The prevailing party shall submit a proposed judgment.

---

1. The court notes this log was not entered into evidence by the defendant until the court requested its entry, after learning of its existence from the testimony of one of the defendant's witnesses.